Dear Mr. Molaison:
You have asked for an opinion from this office regarding the rights of a duly incorporated municipality to dispose of a portion of a street dedicated to the city by a subdivision plat recorded in the early 1800's.
The pertinent facts as presented in your request for opinion are that the street, although plotted on the original subdivision and various remaps thereafter, was never utilized by the city as a public street, for at least 50 years someone has used a portion of the street for private purposes and there has been a building on a portion of the street for several years.
The general rules regarding the distinction between a formal or statutory dedication and the implied or common law dedication are addressed in the opinion attached hereto numbered 90-473.
By way of amplification, there was no statute that addressed the status of dedications until at least 1825, with the passage of what is now Civil Code Art. 658, which addresses the servitude resulting from the implied or common law dedication. The system of formal or statutory dedication began with the passage of Act134 of 1896(LSA-R.S. 33:5051) which provides for the filing of the plat with the streets and roads described and the formal dedication language incorporated therewith. When dealing with subdivisions created prior to the enactment of Act 134 of 1896, the courts have held that the sale of lots in accordance with the plat constitutes an irrevocable dedication to the public of the streets and roads indicated on the plat. The facts you presented support the position that the street in question was formally dedicated to the city and therefore out of commerce.
A dedication transferring ownership to the city in its public capacity is complete without the necessity of acceptance or use by the public. This is distinct from the situation where a city acquires a thing normally susceptible of ownership and then applies it to a public purpose. The cessation of the public use in such a case would convert the thing from a public to a private thing and present the possibility of loss by prescription. In the case of a formal dedication the streets and roads are not susceptible of private or individual ownership. It is public property and, as such, cannot be acquired by prescription, unless there has been an express revocation.
R.S. 33:4717 provides the authority for the conversion of the original dedicated use as a road to another public purpose. The language of the statute does not support the use of a donation from the public to the city or an agency of the city, it would appear that some lawful and adequate consideration must be paid for the acquisition of the property. This statute should be read in conjunction with the provisions of R.S. 48:711, et seq. They do not pose any barrier to the utilization of R.S. 33:4717
for the conversion of the property.
Consequently, the city may avail itself of the options outlined in R.S. 48:712 and R.S. 33:4717 for disposition of the property in question, based on the facts as presented in your request.
If we may be of further service in this matter, please advise.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT B. BARBOR Assistant Attorney General Lands and Natural Resources Section